**Dallas L. HOLIFIELD, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 88–C–179.

United States District Court, E.D. Wisconsin.

July 19, 1988.

Stephen E. Kravit, Janice A. Rhodes, Craig H. Zetley, Kravit, Waisbren & De Bruin, S.C., Milwaukee, Wis., Martin Kohler, Levine & Epstein, Milwaukee, Wis., for petitioner.

Ann M. Kisting, Asst. U.S. Atty., Milwaukee, Wis., Jeffrey D. Snow, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION AND ORDER

WARREN, Chief Judge.

This case raises the question of whether the attorney-client privilege protects an attorney from responding to an Internal Revenue Service summons seeking details of the financial arrangement between the attorney and client. This case also involves the issue of whether that privilege protects

the attorney from responding to a summons seeking documents relating to a client's acquisition of assets.

## I. BACKGROUND

On January 28, 1988, Attorney Martin Kohler of the Milwaukee firm of Levine & Epstein was served with an Internal Revenue Service (IRS) summons in the matter of Dallas L. Holifield, who Attorney Kohler had represented in a variety of matters. The summons directed Attorney Kohler to produce the following documents before an IRS agent on March 2, 1988.

1. Records/documents pertaining to retainers/legal fees paid by Holifield to the law firm of Levine & Epstein for legal services during the years 1983, 1984, 1985 and 1986.

2. Records/documents pertaining to the legal fee paid by Holifield to the law firm of Levine & Epstein relative to the insurance settlement Holifield received from Liberty Mutual in October, 1986—auto accident.

3. Records/documents pertaining to the acquisition of assets (real estate, vehicles, etc.), or the negotiation for the acquisition of assets, by Holifield during the years 1983, 1984, 1985 and 1986.

On February 16, 1988, Holifield, by Attorney Kohler, petitioned this Court under 26 U.S.C. § 7609(h) to quash the summons. The petition to quash claimed that the materials sought by the summons were protected by the attorney-client privilege and Holifield's Sixth Amendment right to counsel. The petition also alleged that the summons was issued under an abuse of summons process. On April 18, 1988, the United States filed a motion to dismiss the petition, arguing that no privilege existed for the material in question and that no abuse of the summons process had occurred. Holifield, again through Attorney Kohler, filed a brief in response to the government's motion, contending, in part, that fee information is protected by the attorney-client privilege.

## II. ANALYSIS

Under 26 U.S.C. § 7602(a), the IRS has the following authority to issue a summons.

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of accounts containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

The information-gathering authority of these provisions are expansive. *United States v. Arthur Young & Co.*, 465 U.S. 805, 816, 104 S.Ct. 1495, 1502, 79 L.Ed.2d 826 (1984). Indeed, the IRS may obtain information that is relevant not only in the context of admissible evidence under Federal Rule of Evidence 401, but also "items of even *potential* relevance to an ongoing investigation, without reference to admissibility." *Id.* at 814, 104 S.Ct. at 1501 (emphasis in original). But despite its broadness, § 7602 is still subject to traditional privileges and limitations, *id.* at 816, 104 S.Ct. at 1502, including the attorney-client privilege. *Upjohn v. United States*, 449 U.S. 383, 386, 101 S.Ct. 677, 681, 66 L.Ed.2d 584 (1981). The first question before this Court is whether the attorney-client privi-

lege protects disclosure of the details of the financial arrangement between an attorney and client. The United States Court of Appeals for the Seventh Circuit reviewed that question in the context of a grand jury proceedings in *In the Matter of Walsh*, 623 F.2d 489 (1980). The court held that once an attorney-client relationship is established, the inquiry should focus on the nature of the communication or information sought. 623 F.2d at 494. Communications that are not necessary to obtain informed legal advice or that do not involve a communication made in confidence are not protected. *Id.* The court then went on to state that as a general rule, matters involving the receipt of fees from a client are not privileged since they do not involve confidential communications. *Id.* The general rule permits a review of an attorney's ledgers, bills, time records, and retainer agreements. *Id.* It also requires an attorney to reveal who paid the fee. *Id.* An exception to the rule exists only if the attorney can show that a strong probability exists that disclosure of the information would implicate the client in the very criminal activity for which legal advice was sought. *Id.* at 495.

On the basis of the *Walsh* decision, this Court finds no merit in the broad contention of Holifield that the source of the payment of the legal fees would constitute disclosure of confidential information or in the equally broad contention that attorney-client privilege protects the disclosure of records that outline the type of legal service rendered. No allegation or argument is made that the information would implicate Holifield in the very crime for which he sought Attorney Kohler's advice.

Holifield also raises the issue of his Sixth Amendment right to counsel. He contends that the summons will make his attorney a witness against him and therefore interfere with the relationship between lawyer and counsel. But the Court is unpersuaded that the Sixth Amendment's right to counsel protects Holifield from the summons beyond the protection of the attorney-client privilege. The right to counsel is by no means absolute. For example, the right to counsel does not prevent the United States from examining assets paid to an attorney or from even seizing those assets if the government alleges the assets were procured through a criminal enterprise. *See United States v. Stein*, 690 F.Supp. 767, 772 (E.D.Wis.1988) (Sixth Amendment does not give cocaine conspirator the right to use the fruits of his crime to retain counsel, even if conspirator is then forced to use appointed counsel). If Holifield is uncomfortable because his lawyer may be a witness against him in a future proceeding unrelated to past representation, then he can certainly choose to hire a new lawyer and his right to counsel goes undisturbed. "The right to counsel does not guarantee that every defendant will have the lawyer he desires." *In Re Forfeiture Hearing as to Caplin & Drysdale*, 837 F.2d 637, 645 (4th Cir.1988).

Holifield next challenges the process by which the summons was issued. He argues that since the safeguards used by the Justice Department in securing the subpoena of an attorney for grand jury proceedings were not used in this case, the IRS should not be able to end-run the subpoena safeguards with a summons. *See* Response to Government's Motion to Dismiss at 6–8 (*citing* five guidelines from United States Attorneys' Manual, section 9–2.161(A), for issuance of grand jury subpoena to lawyers). But, as seen above, the information-gathering powers of the IRS under section 7602 are quite broad. The only restrictions, beyond traditional privileges and limitations, are those within the statute itself. No provision of the statute requires that in order for a summons to be enforced, the IRS must make a showing that it followed the Justice Department guidelines for issuing a grand jury subpoena to a lawyer. This Court declines to read such a requirement into the statute.

On the basis of the above analysis, the Court finds Holifield and Attorney Kohler have no grounds for resisting the first and second requests of the IRS summons. In regard to the third provision, dealing with records on the acquisition of

assets by Holifield, the Court is unpersuaded that the wording of the summons requires that it be quashed. The request seeks records or documents within the possession of the attorney and pertaining to the acquisition of assets or the negotiation for the acquisition of the assets. To the extent the request seeks the attorney's written statements, private memoranda or personal recollections prepared or formed in the course of his legal duties, the request is invalid. *See Upjohn v. United States*, 449 U.S. at 397, 101 S.Ct. at 681. But to the extent the request seeks information given to a third party in the course of negotiation or information given to the attorney in his role as a financial advisor or agent for the transaction, then the information falls outside of the privilege. *See United States v. Aronson*, 610 F.Supp. 217, 222 (S.D. Florida). The Court has no difficulty construing the language to avoid the disclosure of confidential communications (*e.g.* legal advice on the consequences of the transaction and the other examples given above) between the attorney and the client. Thus the Court will refuse to quash the third request of the summons.

## III. SUMMARY

Based on the decision above, the Court finds that the summons served by the IRS on Attorney Kohler does not seek materials protected by the attorney-client privilege or the Sixth Amendment. Furthermore, the service of the summons was not an abuse of the summons process. Accordingly, the Court hereby GRANTS the United States' motion to dismiss the petition to quash. The petition is hereby DISMISSED with prejudice.