**Dallas L. HOLIFIELD, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 88–2757.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 29, 1989.

Decided July 26, 1990.

202

Janice A. Rhodes, K. Scott Wagner, Kravit, Waisbren & Debruin, Milwaukee, Wis., for petitioner-appellant.

Patricia J. Gorence, Asst. U.S. Atty., Milwaukee, Wis., Gary R. Allen, William S. Rose, Jr., Asst. Atty. Gen., Charles E. Brookhart, Joel A. Rabinovitz, Dept. of

Justice, Tax Div., Appellate Section, Washington, D.C., for respondent-appellee.

Before BAUER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Petitioner-appellant, Dallas Holifield, challenges the propriety of the district court's dismissal of his petition to quash an IRS summons for the production of documents which had been served upon his attorney. 689 F.Supp. 865. He argues, as he did below: (1) that the information requested by the summons is protected by the attorney-client privilege; (2) that the enforcement of the summons will jeopardize his sixth amendment right to counsel; and, (3) that the issuance of the summons itself constituted an abuse of the summons process in that the IRS did not comply with safeguards established by the Department of Justice for the issuance of a grand jury subpoena to an attorney. We affirm.

## I.

John Morgan, a Special Agent for the Internal Revenue Service Criminal Investigation Division, was investigating the federal tax liabilities of Dallas Holifield for the years 1983 through 1986. Under the authority granted in §§ 7601 and 7602 of the Internal Revenue Code (the "Code"), Agent Morgan served a summons upon Martin Kohler, Holifield's attorney, directing him to produce certain documents relevant to that investigation.[1] Under § 7609(b)(2) of the Code, Holifield petitioned the district court to quash the summons. He argued that the enforcement of this summons would jeopardize the attorney-client privilege as well as his sixth amendment right to counsel and that the issuance of the summons constituted an

abuse of the summons process. The IRS submitted a motion to dismiss Holifield's petition to quash which was granted by the district court. The district court subsequently ordered compliance with the summons, excluding from the third production request Mr. Kohler's written statements, private memoranda, and personal recollections prepared or formed in the course of his legal duties. Petitioner appeals from that final decision.

## II.

Holifield raises three challenges to the enforcement of this IRS summons. We address each challenge in turn.

### A. *The Attorney–Client Privilege*

■ Holifield's initial challenge to the enforcement of the IRS summons argues that it requests too much. Specifically, he maintains, as he did in his petition to quash, that certain documents requested by the summons are protected by the attorney-client privilege and, as such, are not subject to the investigatory authority granted to the IRS under § 7602. We note initially that the issue raised by Holifield is *not* whether the otherwise broad information-gathering authority granted to the IRS under § 7602 is subject to the attorney-client privilege; the fact that it is has already been firmly established. *United States v. Euge*, 444 U.S. 707, 714, 100 S.Ct. 874, 879, 63 L.Ed.2d 141 (1980). Rather, the issue which Holifield posits is whether the specific information requested by the IRS in *this summons* is protected by the attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 396, 101 S.Ct. 677, 686, 66 L.Ed.2d 584 (1981) ("the recognition of a privilege based on a confidential relationship ... should be determined on a case-by-case basis") (quoting S.Rep. No. 93–1277, p. 13 (1974), U.S.Code

---

1. This summons directed Mr. Kohler to produce:

    1. Records/documents pertaining to retainers/legal fees paid by Holifield to the law firm of Levine and Epstein for legal services during the years 1983, 1984, 1985 and 1986.
    2. Records/documents pertaining to the legal fee paid by Holifield to the law firm of

    Levine and Epstein relative to the insurance settlement Holifield received from Liberty Mutual in October 1986—auto accident.
    3. Records/documents pertaining to the acquisition of assets (real estate, vehicles, etc.), or the negotiation for the acquisition of assets, by Holifield during the years 1983, 1984, 1985 and 1986.

Cong. & Admin.News 1974, pp. 7051, 7059). We need not address the merits of this issue, however, in light of our conclusion that Holifield has failed as a threshold matter to properly raise the question of whether these documents are covered by the attorney-client privilege. *See United States v. First State Bank,* 691 F.2d 332, 335 n. 2 (7th Cir.1982).

In his Petition to Quash the IRS summons, Holifield's assertion that the requested documents were "protected by the attorney-client privilege" was supported only by brief conclusory summations as to why each of the three production requests was so protected. Holifield did not address the applicability of the privilege with respect to each individual document he sought to exclude, nor did he set forth any "specific facts" to support his legal conclusions. This type of "blanket objection" will not suffice to support a claim that the attorney-client privilege prohibits the production of documents.

This aspect of the taxpayer's burden in asserting the attorney-client privilege in this context was directly addressed by this court in *United States v. First State Bank, supra.* In that case, we stated, "once the IRS establishes a prima facie case in favor of enforcing a summons, a taxpayer must '... answer the Government's case through responsive pleadings, supported by affidavits, that allege *specific facts* in rebuttal.' Legal conclusions or memoranda of law will not suffice." 691 F.2d at 335 (quoting *United States v. Kis,* 658 F.2d 526, 539 (7th Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982) (emphasis in original)). We further stated:

> [a] blanket privilege claim ... is not allowed by *Kis. See also United States v. Davis,* 636 F.2d 1028, 1044 n. 20 (5th Cir.1981). The "specific facts" requirement of *Kis* mandates that the privilege must be asserted on a document-by-document basis. A taxpayer need not reveal so many facts that the privilege becomes worthless but he must at least identify the general nature of that document, the specific privilege he is claiming for that document, and facts which establish all

the elements of the privilege he is claiming. These allegations must be supported by affidavits.

*First State Bank,* 691 F.2d at 335; *see also United States v. Lawless,* 709 F.2d 485, 487 (7th Cir.1983) (a claim of privilege must be made on a document-by-document basis; a blanket claim of privilege is unacceptable); *United States v. Rockwell Intern.,* 897 F.2d 1255, 1265 (3d Cir.1990). Holifield's assertion of the privilege in this case falls far short of this standard.

We have previously recognized the substantial policy justifications underlying the requirement that the attorney-client privilege be asserted on a document-by-document basis. Indeed, *First State Bank* sums up the general concern that justifies this requirement: "The IRS summonses and affidavits were no more helpful to the district court than was [the petitioner's] general answer; they did not allow the district court to determine whether a valid privilege could be inferred from the alleged facts." 691 F.2d at 335. Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies. *See In re Walsh,* 623 F.2d at 493. Any attempt to make this type of determination without this factual foundation amounts to nothing more than a waste of judicial time and resources. *Cf. Kis,* 658 F.2d at 540. Accordingly, we reject Holifield's claim of "attorney-client privilege" with respect to these documents.

**B.** *Sixth Amendment Right to Counsel*

As both parties point out, this circuit has not expressly ruled upon the sixth amendment right to counsel in this context. The ninth circuit, which has ruled on this issue, has concluded that an IRS summons which is sent to a taxpayer's attorney requesting information regarding fees does not implicate the taxpayer's sixth amendment right. *Tornay v. United States,* 840 F.2d 1424, 1429 (9th Cir.1988). We agree

with the ninth circuit and reject Holifield's arguments to the contrary.

As the court in *Tornay* recognized, the sixth amendment right to counsel attaches *"only* at or after the 'initiation of adversary judicial proceedings.' " *Id.* (emphasis in original) (quoting *United States v. Gouveia,* 467 U.S. 180, 185–89, 104 S.Ct. 2292, 2295–98, 81 L.Ed.2d 146 (1984)). The enforcement of this IRS summons simply did not place Holifield in such a situation; he had not been indicted, nor had any recommendation been made ·to the Department of Justice for criminal charges to be brought. This summons was simply one aspect of the investigatory stage of an IRS audit to which the sixth amendment right to counsel did not attach.

■ Our resolution of this sixth amendment issue is not altered by the fact that Holifield has a longstanding attorney-client relationship with Attorney Kohler that could *possibly* be jeopardized by whatever may result from this investigation. We emphasize the word "possibly" because Holifield's argument, like that of the petitioner in *Tornay,* presumes too much with regard to the potential implications of Kohler's compliance with the summons. It does not necessarily follow that compliance with this summons will result in Kohler testifying against Holifield at trial and subsequently being disqualified because of that testimony. Holifield has not been indicted, nor is an indictment necessarily sure to follow. Indeed, even if an indictment does result, there is no telling whether the government will choose to use the information obtained from these documents or, if they do, whether Kohler will be called to testify as to their contents. Even were Kohler called to testify as to the contents of these documents, it is still not apparent that Holifield's sixth amendment right would be jeopardized. While the sixth amendment guarantees the right to "effective assistance of counsel," it does not guarantee the accused counsel of·his choosing or one with whom he has a "meaningful relationship." *Morris v. Slappy,* 461 U.S. 1, 14, 103 S.Ct. 1610, 1617, 75 L.Ed.2d

610 (1983); *United States v. Turk,* 870 F.2d 1304, 1307 (7th Cir.1989). The ninth circuit noted all but the last of these observations in rejecting the sixth amendment challenge in *Tornay.* 840 F.2d at 1429–30. We, like the ninth circuit, find these observations persuasive and reject Holifield's argument that the enforcement of this summons will jeopardize his sixth amendment right to counsel.

## C. *Abuse of Summons Process*

■ As a final challenge to the enforcement of this IRS summons, Holifield argues that the summons should be quashed because the IRS did not comply with five procedural safeguards which have been established by the Department of Justice for the issuance of subpoenas to attorneys in grand jury proceedings. The district court rejected this argument concluding that the guidelines which have been laid down by the Department of Justice for grand jury proceedings do not have any application in the context of an IRS summons under § 7602. We agree.

■ The information-gathering authority granted to the IRS under § 7602 is quite broad. Indeed, the Supreme Court has described § 7602 as the "centerpiece" of a much larger congressional design to endow the IRS with expansive authority to conduct effective tax investigations. *United States v. Arthur Young & Co.,* 465 U.S. 805, 815, 104 S.Ct. 1495, 1502, 79 L.Ed.2d 826 (1984). With this congressional design in mind, the Court stated that, with the exception of the traditional privileges and limitations, "other restrictions upon the IRS summons power should be avoided 'absent unambiguous directions from Congress.' " *Id.* at 816, 104 S.Ct. at 1502 (quoting *United States v. Bisceglia,* 420 U.S. 141, 150, 95 S.Ct. 915, 921, 43 L.Ed.2d 88 (1975)). Holifield has pointed to nothing which would lead us to believe that Congress would wish this court to engraft these restrictions, self-imposed by the Executive Branch on its own proceedings, on the statutory framework of § 7602.[2]

**2.** We note as additional support for our rejec-    tion of Holifield's position that we have held

### III.

For all of these reasons, we AFFIRM the dismissal of Holifield's petition to quash the IRS summons and order enforcement in line with the limitations established by the district court.

that these Justice Department guidelines do not establish rights in favor of witnesses. *In re Klein,* 776 F.2d 628, 635 (7th Cir.1985). Thus, their breach cannot serve independently as a basis for resisting the enforcement of a subpoena.