21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 SECURITIES AND EXCHANGE COMMISSION, Petitioner-Appellee,
v.
Alvin ABRAMS, et al., Respondents-Appellants.
 No. 92-4098.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1994.[1]
Decided March 31, 1994.
 
 Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Respondents[2] appeal from a district court order requiring them to comply with investigative subpoenas issued by the Securities and Exchange Commission (SEC).
 
 
 2
 In October 1992, the SEC filed this subpoena enforcement action. In December 1992, the district court ordered respondents to comply with the subpoena.[3] Both the district court and this court later denied respondents' request for a stay pending appeal.
 
 Discussion
 
 3
 Respondents do not argue that the subpoenas are overly broad, indefinite or vague, nor do they contend that the information sought is irrelevant to the ongoing investigation. "In a subpoena enforcement proceeding, the role of the court is 'sharply limited.' " EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir.1987). The type of substantive attack respondents could make at the subpoena enforcement stage would be, e.g., to argue that there is "no factual or legal support for the agency's preliminary determination to investigate." Id. No such argument is made here. "If every possible defense, procedural or substantive, were litigated at the subpoena enforcement stage, administrative investigations obviously would be subjected to great delay." Id.
 
 
 4
 Nor do respondents argue that the SEC lacks the authority to conduct the investigation. Instead, respondents argue that if the SEC attempts to later use the information it has obtained, the information "might tend to implicate" respondents and would deny them their Sixth Amendment right to confront their accusers and "refute the evidence against them." More specifically, respondents attack the SEC's authority, granted under 1990 amendments to the federal securities laws, to exercise its authority under the Securities Enforcement Remedies and Penny Stock Reform Act of 1990, Pub.L. No. 101-429, 104 Stat. 931, codified as amended in scattered sections of 15 U.S.C. Sec. (Remedies Act).[4]
 
 
 5
 Quite simply, respondents' argument is premature. In the record before us, there is nothing indicating that the SEC has exercised its authority under the relevant statutory amendments. The fact that it might bring an adversary proceeding at some unknown time in the future cannot violate respondents' constitutional rights. See Church of Scientology, 113 S.Ct. at 450 n. 6; G.M. Leasing Corp. v. United States, 429 U.S. 338, 359 (1977) (taxpayer's attempt to suppress evidence is "premature and may be considered if and when proceedings arise in which the Government seeks to use the documents or information obtained from them"); Grand Jury Proceedings, 13 F.3d 1293, 1296 (9th Cir.1994) (affirming finding of contempt against an attorney for his refusal to testify before a grand jury pursuant to subpoena; court finds it was premature to argue that the government might seek to disqualify the attorney and thereby violate his client's right to counsel since the attorney had not yet been indicted and he may "never actually be required to testify against his client in a criminal prosecution"; the court concludes that the "proper time to assert his client's Sixth Amendment right is at trial"); Meister v. United States, 397 F.2d 268, 269 (3d Cir.1977) (appeal dismissed for lack of jurisdiction; taxpayer attempt to suppress evidence was an "impermissible attempt to obtain a premature ruling on the legality of the use of the [evidence] in [future] proceedings against plaintiff"). See also EEOC v. First Baptist Church, No. S 89-338, 56 Fair Empl. Prac. Cas. (BNA) 1130 (N.D.Ind. Apr. 30, 1990), 1990 WL 341660 (constitutional challenges to investigative subpoena based on "speculative" future action by EEOC was premature; court is not willing to rely on conjecture as to whether the EEOC will "sometime down the line" act).
 
 
 6
 Moreover, the Sixth Amendment applies to the prosecutorial stage of proceedings. Kirby v. Illinois, 406 U.S. 682, 688-90 (1972); Holified v. United States, 909 F.2d 201, 205 (7th Cir.1990). It has no applicability at this early stage involving only investigation proceedings.
 
 
 7
 The SEC has requested that we impose sanctions on respondents because the Sixth Amendment argument is "entirely without foundation," is premature, and applies only to criminal prosecutions. We decline to impose sanctions. While we have found the arguments made by respondents are premature, they are not so wholly without merit as to make the appeal frivolous. See Fed.R.App.P. 38.
 
 
 8
 Accordingly, the appeal is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The appellee had previously notified the court that it did not believe oral arguments would be necessary. No statement was filed by the appellants. Accordingly, the appeal has been submitted on the briefs and record
 
 
 [2]
 The SEC is apparently investigating a broker-dealer named First Philadelphia Corporation, and its securities transactions with several other companies. Respondents include Alvin Abrams (president of First Philadelphia), Mervyn Lerner (bookkeeper for First Philadelphia), and Sol Leibowitz (former president of companies with whom First Philadelphia dealt)
 
 
 [3]
 Respondents have since complied with the subpoena, but the appeal is not moot. See Church of Scientology of California v. United States, 113 S.Ct. 447, 449-50 (1992) (compliance with summons issued by IRS does not moot appeal of summons enforcement order because reviewing court may order IRS to return or destroy the documents). Cf. Harris v. Board of Governors of the Federal Reserve System, 938 F.2d 720, 722 (7th Cir.1991)
 
 
 [4]
 While we do not reach the premature issue of the authority of the SEC to later take action under the Remedies Act, we note that recently, in SEC v. Posner, Nos. 1438, 93-6371 (2d Cir. Feb. 25, 1994), 62 U.S.L.W. 2543, the Second Circuit found that it need not address the applicability of the Remedies Act "since the court relied on a viable, alternative basis for the injunction--its 'general equitable powers' to fashion appropriate relief for violations of the federal securities laws." Similarly, in SEC v. Drexel Burnham Lambert, Inc., 837 F.Supp. 587, 614 (S.D.N.Y.1993), the court noted that "[i]ndependent of the statute, the court has authority pursuant to its general equitable powers to order the relief requested by the SEC." (The court also found that the legislative history of the Remedies Act "merely codified authority the courts already possessed and exercised." Id. at 613-14.)