In the
United States Court of Appeals
For the Seventh Circuit

Nos. 99-3131 & 99-3317

IN THE MATTER OF GRAND JURY PROCEEDINGS,
Involving William Thullen and Kenneth Dvorak,
Witnesses Before the Special January, 1999-2
Grand Jury

APPEAL OF:  BASAAM OSMAN
      and
CROSS-APPEAL OF:  UNITED STATES OF AMERICA

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 96 GJ 791--Marvin E. Aspen, Chief Judge.

Argued February 17, 2000--Decided July 18, 2000

Before HARLINGTON WOOD, JR., COFFEY and RIPPLE, Circuit
Judges.

RIPPLE, Circuit Judge.  A grand jury
investigating alleged tax fraud by Dr. Basaam
Osman subpoenaed numerous documents from
accountants hired by his attorneys. Dr. Osman
sought to block production of the documents. He
claimed that the accountants were agents of law
firms representing him in the grand jury
investigation and, thus, that the documents were
subject to the attorney-client privilege. The
district court, after reviewing the disputed
materials in camera, required the production of
some of the documents. The court allowed others
to be withheld on the ground that the attorney-
client privilege was a shield to their
production. Dr. Osman appeals the district
court's order determining that the attorney-
client privilege does not protect certain
documents in the possession of his accountants.
The United States cross-appeals, claiming that in
that same order, the district court erroneously
applied the privilege to other documents. For the
reasons set forth in the following opinion, we
vacate the judgment of the district court and
remand this case to permit the district court to
make further findings as to whether the documents
in question are subject to the attorney-client
privilege.

I
BACKGROUND

Dr. Basaam Osman is currently under investigation for tax fraud by a grand jury in the Northern District of Illinois. The grand jury is investigating fraud allegedly perpetrated by Dr. Osman in connection with both his personal and medical business tax filings between 1985 and 1997. We begin by setting forth, in summary fashion, the history of this investigation.

In 1994, the Criminal Investigations Division of the Internal Revenue Service ("IRS") initiated a criminal investigation of Dr. Osman, focusing on the years 1985 to 1993. Dr. Osman retained the law firm of von Mandel & von Mandel to represent him. The von Mandel law firm then hired an accounting firm, Terrell, Weiss & Sugar Ltd., to assist it in defending Dr. Osman. The initial criminal investigation evolved into a civil audit. In May 1995, Dr. Osman, with the assistance of the von Mandel and Terrell firms, provided the IRS with tax returns for the years 1985 to 1993. Von Mandel's professional representation of Dr. Osman ended later that same year.

In 1996, however, a grand jury investigation of Dr. Osman began. The initial scope of this investigation was to consider allegations that Dr. Osman failed to file individual and corporate tax returns after the IRS had concluded its earlier audit. For this investigation, Dr. Osman retained the law firm of Cotsirilos, Stephenson, Tighe & Streicker. The Cotsirilos law firm then hired another accounting firm, Czurylo, Thullen & Rodgers, to assist in the representation of Dr. Osman.

In November 1998, a grand jury subpoena sought the production of all correspondence to or from the two accounting firms that had been written in the course of their work on Dr. Osman's matters. The two accounting firms produced over 2000 documents, but each withheld certain documents based on Dr. Osman's claim of attorney-client privilege. The Terrell accounting firm withheld 51 pages of material; the Czurylo accounting firm retained 78 pages.

In March 1999, Kenneth Dvorak and William Thullen testified before the grand jury. Dvorak, an accountant with the Terrell firm, testified that he had prepared Dr. Osman's tax returns for the years 1985 to 1993 and explained that his accounting firm was hired by the von Mandel law firm for the sole purpose of preparing tax returns. Thullen, an accountant with the Czurylo firm, testified that he was hired by an attorney with the Cotsirilos firm for the sole purpose of preparing tax returns.

The Government then filed a motion to compel production of the withheld documents. In a proceeding involving the accounting firms and the Government, but not Dr. Osman, the district court ordered the accountants to produce the documents. Dr. Osman filed an emergency motion to intervene, and tendered the documents themselves for in camera review by the district court. In August, the district court entered an order requiring the production of specific pages of the withheld documents: 37 Terrell pages in their entirety, 2 Terrell pages in redacted form, 50 Czurylo pages in their entirety, and 2 Czurylo pages in redacted form. The district court allowed Dr. Osman to retain the remaining pages of the documents. In its order, the district court explained that it relied on a document-by-document in camera examination of the contested materials to decide whether the attorney-client privilege applied to particular pages. It did not provide an explanation of why each particular page was or was not privileged.

Dr. Osman, confronted with this district court order, produced all of the documents ordered disclosed except for 8 pages of the Terrell documents. He now appeals, asking that he be allowed to retain those 8 pages. The Government cross-appeals, arguing that it is entitled to view the 12 Terrell pages and 26 Czurylo pages that the district court allowed Dr. Osman to continue to withhold and that it should be allowed to view the redacted pages in their entirety.

II
DISCUSSION

Dr. Osman claims that the documents in the possession of the accounting firms are protected by the attorney-client privilege. There is no accountant-client privilege. See United States v. Arthur Young & Co., 465 U.S. 805, 817-19 (1984); Couch v. United States, 409 U.S. 332, 335 (1973); United States v. Frederick, 182 F.3d 496, 500 (7th Cir. 1999), cert. denied, 120 S. Ct. 1157 (2000). However, material transmitted to accountants may fall under the attorney-client privilege if the accountant is acting as an agent of an attorney for the purpose of assisting with the provision of legal advice. "'[W]hat is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer. If what is sought is not legal advice but only accounting service . . . or if the advice sought is the accountant's rather than the lawyer's, no privilege exists.'" United States v. Brown, 478 F.2d 1038, 1040 (7th Cir. 1973) (quoting United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961))./1

Although the violation of the attorney-client privilege is a serious matter, our case law has recognized consistently that the privilege is in derogation of the search for the truth and, therefore, must be strictly confined. See United States v. White, 970 F.2d 328, 334 (7th Cir. 1992) (citing cases). In applying this principle, we have held that material transmitted to an attorney or the attorney's agent for the purpose of using that information on a tax return is not privileged. The preparation of tax returns is an accounting service, not the provision of legal advice. See Frederick, 182 F.3d at 500-01; United States v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983). On the other hand, information transmitted to an attorney or to the attorney's agent is privileged if it was not intended for subsequent appearance on a tax return and was given to the attorney for the sole purpose of seeking legal advice. See Frederick, 182 F.3d at 500-01. Documents used in both preparing tax returns and litigation are not privileged. See id. at 501.

Dr. Osman, as the party seeking to establish the privilege, bears the burden of demonstrating that all of the requirements for invoking the attorney-client privilege have been met. See United States v. Evans, 113 F.3d 1457, 1461 (7th Cir. 1997); Lawless, 709 F.2d at 487. The inquiry into whether documents are subject to a privilege is a highly fact-specific one. "Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies." Holifield v. United States, 909 F.2d 201, 204 (7th Cir. 1990). An assertion of privilege therefore must be made on a document-by-document basis. See White, 970 F.2d at 334; Lawless, 709 F.2d at 487.

The district court correctly recognized the important role that in camera inspection of disputed documents often plays in a determination of the existence of the privilege. See United States v. Zolin, 491 U.S. 554, 568-69 (1989) (citing, inter alia, Lawless). Indeed, it sometimes may be apparent from the face of a document that it is not privileged because the document contains information that necessarily would have been submitted for the preparation of a tax return. See Lawless, 709 F.2d at 488. However, when the circumstances suggest that a document might be privileged, it is important that the district court consider the totality of those circumstances in making its determination as to whether the privilege must be recognized.

For instance, a document that appears privileged may have lost that privilege through disclosure or transmittal to a third party. See In re Pebsworth, 705 F.2d 261, 262 (7th Cir. 1983); see also United States v. Hamilton, 19 F.3d 350, 353 (7th Cir. 1994); Powers v. Chicago Transit Auth., 890 F.2d 1355, 1359 (7th Cir. 1989). Similarly, the purpose of a document may not be apparent on its face, and it may be necessary to rely on the testimony of those involved in the production and handling of a document to determine the purpose for which it was produced. See Motley v. Marathon Oil Co., 71 F.3d 1547, 1550-51 (10th Cir. 1995); United States v. Rockwell Int'l, 897 F.2d 1255, 1264-65 (3d Cir. 1990). In short, in camera review, although important, often cannot determine definitively whether a document was transmitted in such a way as to destroy any privilege or was created for an unprivileged purpose.

In assessing the district court's order in this case, we necessarily are bound by the record before us. Accepting, as we must, that limitation, we cannot determine how the district court evaluated the testimony of the accountants. The accountants testified that they were hired solely to prepare tax returns, but their assertion is disputed by Dr. Osman. The district court's order does not discuss the accountants' testimony or Dr. Osman's response to it. Nor do we have specific findings concerning whether any of the documents at issue were generated for the purpose of preparing tax returns or transmitted to a tax preparer for the purpose of preparing a return. Finally, the record before us does not address the possibility that a document created for a privileged purpose might have been handled in a manner that destroyed that privilege.

We therefore must remand this matter to the district court to permit that court to enter more extensive findings on whether, in light of the purpose, use, or transmission of these documents, any privilege exists./2 In making these findings, the district court should consider the "totality of the circumstances" surrounding each document. See Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 610 n.3 (8th Cir. 1978) (en banc) ("The totality of the circumstances indicates that the communications were privileged."). In the course of deciding whether particular documents are privileged, the district court should enter specific findings regarding the purpose and history of each document in order to allow for meaningful appellate review./3

Conclusion

For the foregoing reasons, the judgment of the

district court is vacated, and the case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED


/1 Accord Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp., 5 F.3d 1508, 1514-15 (D.C. Cir. 1993); United States v. Bornstein, 977 F.2d 112, 117 (4th Cir. 1992); United States v. Davis, 636 F.2d 1028, 1043 (5th Cir. Unit A 1981); United States v. Cote, 456 F.2d 142, 144 (8th Cir. 1972).

/2 Other courts of appeals have taken the same course in similar circumstances. See Bornstein, 977 F.2d at 116-17 (remanding for a determination of whether papers were produced to assist individual in his capacity as a lawyer or in his capacity as an accountant/tax preparer); Rockwell Int'l, 897 F.2d at 1264-65 (requiring the district court, on remand, to determine whether material was legal advice).
/3 The district court may determine, in its discretion, to consider additional testimony on this subject.