**UNITED STATES of America and William C. McCormick, Special Agent, IRS, Petitioners-Appellants,**

v.

**J. Martin LAWLESS, Respondent-Appellee.**

No. 82–2636.

United States Court of Appeals, Seventh Circuit.

Argued April 14, 1983.

Decided June 10, 1983.

---

William A. Whitledge, Tax Division, Dept. of Justice, Washington, D.C., for petitioners-appellants.

Gregory A. Mescher, Vonachen, Cation, Lawless, Trager & Slevin, Peoria, Ill., for respondent-appellee.

Before BAUER and WOOD, Circuit Judges, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

The Respondent-Appellee, J. Martin Lawless, an attorney in Peoria, Illinois, was retained by the co-executors of the estate to prepare the federal estate tax return of Edna E. Dieken, deceased. Petitioner-Appellant, Special Agent William C. McCormick, was assigned to investigate the correctness of the estate tax return. Summonses were issued to Lawless to testify regarding the tax return and to produce the following documents:

All books, papers, records, and other documents in your possession or control relating to the preparation or audit of the United States Estate Tax Return, Form 706, for EDNA E. DIEKEN. This is to include but is not limited to:

1. Resource materials such as check lists or outlines of questions used in obtaining information from the executors.

2. Memorandums, notes, or other such records made of the Executors' responses.

3. Records furnished to you for use in preparation or examination such as savings passbooks, asset inventories, checking account statements, cancelled checks, loan records, accounts receivable, records of gifts and accounts payable.

(R. 1, p. 3). Lawless refused to comply with the summonses and enforcement proceedings were commenced.

At these proceedings, the Government limited the summonses to only those documents relating to or used in the preparation of the estate tax return. Lawless resisted the summonses upon the basis of attorney-client privilege. After an *in camera* examination of the six documents in dispute, the district court concluded that four of them were not privileged. However, with respect to documents 18 and 19, the district court ruled:

Number 18 is a letter from Charles Dieken [one of the executors] to Mr. Lawless's [sic] law firm containing a great deal of detailed financial information. I'm going to excuse production of that document as subject to the attorney-client privilege dated September 7, 1979, without any suggestion or knowledge as to how the data reported relates to data on the return.

I think it is the type of material that is entitled to be furnished to an attorney by the client on a confidential basis.

\* \* \* \* \* \*

I will likewise excuse production of document No. 19, which is a hand written note [on an envelope] apparently to Mr. Lawless from the client in the handwriting of the client. Likewise subject to the privilege.

(R. 8, Transcript pp. 19–20).

The Government objected to the ruling, arguing that Lawless had made no showing that these documents were intended to be confidential, and that, from the description of the documents, they were intended for use in the preparation of the tax return. The district court explained the basis of its ruling to be:

I didn't decide whether they were intended to be used in the preparation of the return or not or whether they were in fact used in the preparation of the return. I simply decided that they were the type of information which I think the client is privileged to furnish to his attorney and not have the attorney disclose to the extent they were used in the preparating by designation.

---

\* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, sit-

tion of the return. The return shows them. I haven't made that determination. I assume very substantially from experience over a good many years with Mr. Lawless that any financial information applicable to the return furnished by the client which was applicable to the return was used in preparation of the return as shown on the return. I don't mean to be implying anything else.

(R. 8, Transcript pp. 21–22).

The Government appeals from the district court ruling pursuant to 28 U.S.C. § 1291. The issue here on appeal is whether the district court erred in holding that the attorney-client privilege protected these two documents which had been transferred to an attorney in connection with the preparation of a federal estate tax return. Following oral argument of this case, we ordered the parties to transmit the documents held sealed by the district court for our examination *in camera.*

## I.

■ This Court in *Radiant Burners, Inc. v. American Gas Association,* 320 F.2d 314, 319 (7th Cir.), *cert. denied,* 375 U.S. 929, 84 S.Ct. 330, 11 L.Ed.2d 262 (1963), adopted the general principles of attorney-client privilege as outlined by Wigmore:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. 8 Wigmore § 2292.

(footnote omitted). *See also United States v. Tratner,* 511 F.2d 248 (7th Cir.1975). The party seeking to invoke the privilege has the burden of establishing all of its essential elements. *United States v. First State Bank,* 691 F.2d 332, 335 (7th Cir.1982). The claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable. *Id.* The scope of the privilege should be "strictly confined

within the narrowest possible limits." 8 Wigmore, Evidence § 2291 (McNaughton rev. 1961); *United States v. Goldfarb,* 328 F.2d 280 (6th Cir.), *cert. denied,* 377 U.S. 976, 84 S.Ct. 1883, 12 L.Ed.2d 746 (1964); *In re Shapiro,* 381 F.Supp. 21 (N.D.Ill.1974).

■ The district court in its ruling allowed the claim of privilege solely upon the basis of the intent for confidentiality by the client. When information is transmitted to an attorney with the intent that the information will be transmitted to a third party (in this case on a tax return), such information is not confidential. *Colton v. United States,* 306 F.2d 633, 638 (2d Cir.1962), *cert. denied,* 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963).

■ The respondent argues that the information transmitted to him, as the attorney preparing the tax return, but which was not disclosed on the return, is protected by the privilege. If the client transmitted the information so that it might be used on the tax return, such a transmission destroys any expectation of confidentiality which might have otherwise existed.

Wigmore also indicated, for the privilege to apply, that the attorney must be acting in his capacity as a professional legal adviser at the time the information was transferred. Several courts have held that the preparation of a tax return, while it may require some knowledge of the law, is primarily an accounting service. *United States v. Davis,* 636 F.2d 1028, 1043 (5th Cir.), *cert. denied,* 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); *United States v. Gurtner,* 474 F.2d 297, 299 (9th Cir.1973); *Canaday v. United States,* 354 F.2d 849, 857 (8th Cir.1966) ("merely as a scrivener"). Even assuming that the respondent here was giving legal advice, in addition to the preparation of the tax return (*In re Shapiro, supra*), no evidence was introduced to establish that the two disputed documents were given to Lawless for any other purpose. As the Government argued in its brief, these documents were submitted to the district court in response to a summons calling for all documents relevant to the tax

return preparation. This Court has examined the documents and finds that both documents contain information which would be relevant to, and utilized in, a federal estate tax return. While this Court did not have the estate tax return before it, and the district court did not consider whether the information on the documents were in fact on the return, disclosure of tax information effectively waives the privilege "not only to the transmitted data but also as to the details underlying that information." *United States v. Cote,* 456 F.2d 142, 145 (8th Cir.1972). The district judge himself indicated that from his substantial experience with Lawless, any information applicable to a tax return was used in the preparation of the return.

## II.

This Court finds that the respondent has failed to sustain his burden regarding the elements of attorney-client privilege in order to invoke that privilege. We additionally find, from an examination of the documents submitted for *in camera* examination, that these documents contained information which would have been submitted for preparation of an estate tax return and reported in an estate tax return.

Following the precedence of other Circuits, i.e., 5th Circuit in *Davis, supra;* 2d Circuit in *Colton, supra;* 8th Circuit in *Canaday, supra;* and 9th Circuit in *Gurtner, supra,* and *Olender v. United States,* 210 F.2d 795 (9th Cir. 1954), *cert. denied,* 352 U.S. 982, 77 S.Ct. 382, 1 L.Ed.2d 365 (1957), this Court now finds that information transmitted for the purpose of preparation of a tax return, though transmitted to an attorney, is not privileged information.

The holding of the district court is reversed and the documents are returned to the district court for enforcement proceedings consistent with this opinion.