840 F.2d 18
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elaine R. CRANE, Defendant-Appellant.
 No. 86-3917.
 United States Court of Appeals, Sixth Circuit.
 Feb. 18, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and PORTER, Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Elaine R. Crane appeals her conviction for wilfully attempting to evade estate taxes, and making and subscribing a false tax return. Over defendant's objections, the district court allowed the government to introduce the testimony of the attorney for the estate despite defendant's claim of attorney-client privilege. The district court also denied the defendant's motion for a new trial based on a claim of prejudice arising from a conversation between government agents and a juror during the trial. For the reasons stated below, we affirm.
 
 
 2
 Defendant was the executrix of her father's estate. The defendant's father, an attorney, died in September 1978. Earlier that year, the defendant had purchased and incorporated her father's law firm. Shortly after her father's death, defendant accepted an appointment as a municipal court judge. She assigned the stock of the law firm to two attorneys who worked at the firm. One of those attorneys, who had prepared defendant's father's will, acted as the attorney for the estate. The attorney, following extensive consultation with the defedant, prepared and timely filed the estate tax return, Form 706, which was signed by both the attorney and defendant.
 
 
 3
 In October 1985, defendant was indicted on one count of wilfully attempting to evade estate taxes (26 U.S.C. Sec. 7201) and one count of making and subscribing a false tax return (26 U.S.C. Sec. 7206(1)). Following an eight-week jury trial, and seven days of jury deliberation, the defendant was convicted on both counts. She was sentenced to three years probation and a $10,000 fine.
 
 
 4
 Prior to trial, the defendant moved to dismiss the indictment or, in the alternative, to suppress the testimony of the attorney for the estate on the basis that the conversations between the attorney and defendant were protected by the attorney-client privilege. The trial court conducted, in chambers, what has been characterized by the parties as a "voir dire examination" of the estate attorney, following which the defendant's motion was denied. The court stated that the testimony revealed that the attorney had acted as a "tax preparer" and had not given "legal advice" covered by the attorney-client privilege. Following defendant's opening argument, in which it was implied that the defendant received inaccurate legal advice, the district court held that the attorney-client privilege was waived.
 
 
 5
 * On April 25, 1986, after three weeks of trial, there was a chance encounter between a juror and two government agents while the three were waiting for an elevator on the fifth floor of the courthouse. "Hellos" were exchanged and one of the agents asked if the juror enjoyed his morning off (apparently trial was not schedule to start for the day until after the lunch hour). The juror responded that he would have preferred the afternoon off. After another comment by the agent, the juror stated that he would rather be "riding." The three engaged in a discussion about motorcycles. At this time the elevator arrived and the defendant got off and observed the three men in conversation. The juror and the officers got on the elevator and continued their conversation about motorcycle riding until the elevator arrived at the second floor where all three got off.
 
 
 6
 This encounter occurred before one of the agents testified as a summary witness at the trial. The other agent did not testify but sat at the counsel table throughout the trial. The court held a hearing in chambers concerning the encounter shortly after it occurred. The juror stated that the conversation with the government agents would not affect his ability to be fair and impartial, and the court denied defendant's motion for a mistrial.
 
 
 7
 Defendant argues that the district court should have granted a mistrial based on the contact between the two government agents and the juror.
 
 
 8
 [A] district court's decision not to grant a mistrial after investigating allegations of unauthorized contact with jurors should be reviewed only for abuse of discretion.
 
 
 9
 United States v. Pennell, 737 F.2d 521, 533 (6th Cir.1984). In Pennell, this court found that Smith v. Phillips, 455 U.S. 209 (1982), changed the law regarding the burden of persuasion of prejudice in cases involving unauthorized juror contacts.
 
 
 10
 In light of Phillips, the burden of proof rests upon a defendant to demonstrate that unauthorized communications with jurors resulted in actual juror partiality. Prejudice is not to be presumed.
 
 
 11
 Pennell, 737 F.2d at 532. Further, this court found that not only should deference be accorded to the district court's findings, id., but that juror testimony regarding the ability to be impartial could be relied upon by the district court in reaching its decision.
 
 
 12
 [W]e hold that if a district court views juror assurances of continued impartiality to be credible, the court may rely upon such assurances in deciding whether a defendant has satisfied the burden of proving actual prejudice.
 
 
 13
 Id. at 533.
 
 
 14
 Here, the district court questioned the juror and both government agents about their chance encounter. All three participants gave the same account of the conversation. In addition, the juror stated the encounter would not affect his ability to be fair and impartial. The district court, although noting the impropriety of the conduct of the government agents, determined that the juror had not been "prejudiced." Thus, the court took all the necessary steps in order to ensure that the trial would continue to be fair. Although the defendant argues that there should be a per se rule that prejudice exists under circumstances such as those in this case, the controlling law in this circuit is otherwise. The district court did not abuse its discretion.
 
 II
 
 15
 Defendant also argues that the admission of testimony by the estate attorney was error in that communications between the estate attorney and defendant were within the attorney-client privilege. The attorney-client privilege extends to communications between the attorney and client but not to the underlying facts. Upjohn Co. v. United States, 449 U.S. 383, 395 (1981). Because the privilege operates to suppress the truth, it should be narrowly construed. In re Grand Jury Investigation No. 83-2-35, 723 F.2d 447, 451 (6th Cir.1983).
 
 
 16
 As to the context of this case, "tax advice rendered by an attorney is legal advice within the ambit of the privilege." In re Grand Jury Subpoena Duces Tecum, 731 F.2d 1032, 1037 (2d Cir.1984). However, "preparation of tax returns is generally not legal advice within the scope of the privilege." United States v. El Paso Co., 682 F.2d 530 (5th Cir.1982).
 
 
 17
 Following the voir dire examination of the estate attorney, defendant's trial counsel, who was not the estate attorney, specifically identified six items relating to the estate, and claimed that conversations relating to these items, between the estate attorney and defendant, were privileged. Of these six items, four were eventually disclosed on the tax return. Conversations relating to these items, then, are not privileged. "When information is transmitted to an attorney with the intent that the information will be transmitted to a third party (in this case on a tax return), such information is not confidential." United States v. Lawless, 709 F.2d 485, 487 (7th Cir.1983).
 
 
 18
 The remaining two items related to parcels of real estate apparently belonging to the estate. This information, although it did not appear on the tax return, was provided so that it might be included on the return.
 
 
 19
 The respondent argues that the information transmitted to him, as the attorney preparing the tax return, but which was not disclosed on the return, is protected by the privilege. If the client transmitted the information so that it might be used on a tax return, such a transmission destroys any expectation of confidentiality which might have otherwise existed.
 
 
 20
 Lawless, 709 F.2d at 487.
 
 
 21
 Alternatively, we note that details underlying tax information, although not included on the return, are not protected by the attorney-client privilege.
 
 
 22
 This Court has examined the documents and finds that both documents contain information which would be relevant to, and utilized in, a federal estate tax return. While this Court did not have the estate tax return before it, and the district court did not consider whether the information on the documents were in fact on the return, disclosure of tax information effectively waives the privilege "not only to the transmitted data but also as to the details underlying that information."
 
 
 23
 Lawless, 709 F.2d at 488 (quoting, United States v. Cote, 456 F.2d 142, 145 (8th Cir.1972)). The conversations regarding the two pieces of property involved details underlying the tax information provided on the return. As such, they are not protected by the attorney-client privilege. Moreover, details concerning the properties were disclosed by defendant in a letter to the IRS District Counsel dated December 26, 1984. At that point the information was disclosed and was not protected by the attorney-client privilege.
 
 
 24
 Therefore, the attorney-client privilege did not extend to any of the conversations claimed by defendant's counsel. The district court correctly concluded that the attorney-client privilege did not apply. Consequently, we need not address whether the privilege was waived in defense counsel's opening argument.
 
 
 25
 For the reasons stated, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable David S. Porter, United States District Judge for the Southern District of Ohio, sitting by designation