Dr. Leonard J. CHINNICI,
D.C., Plaintiff,

v.

CENTRAL DUPAGE HOSPITAL
ASSOCIATION, et al.,
Defendants.

No. 89 C 07752.

United States District Court,
N.D. Illinois, E.D.

Feb. 13, 1991.

George P. McAndrews, Thomas J. Wimbiscus, Robert C. Ryab, McAndrews Held & Malloy, Chicago, Ill., for plaintiff.

John J. Walsh, III, Pretzel Stouffer, Paul J. Peralta, Lord Bissell & Brook, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

We have before us Dr. Leonard J. Chinnici's objections and motion to modify Magistrate W. Thomas Rosemond, Jr.'s Order of December 13, 1990, and motion for sanctions against the so-called Mona Kea defendants for obstruction of discovery. We also have before us the Mona Kea defendants' cross-motion for sanctions against Chinnici.

We have conducted our own *in camera* review of certain documents in considering whether defendants waived the attorney-client privilege—an issue not before Magistrate Rosemond prior to his December 13, 1990 order on the privilege question. Spe-

cifically, we have reviewed complete and unexpurgated copies of the following documents: 1) Minutes of the Mona Kea South Professional Condominium Association Special Meeting of April 17, 1985 ("Minutes"); and 2) the May 3, 1985 memorandum from Ronald M. Severino to "All Condominium Owners" ("Memo").

■ Production of some privileged documents waives the privilege as to all documents of the same subject matter. *See Nye v. Sage Prods., Inc.*, 98 F.R.D. 452, 453 (N.D.Ill.1982) (citing *Technitrol, Inc. v. Digital Equip. Corp.*, 181 U.S.P.Q. (BNA) 731 (N.D.Ill.1974)); *see also In re Consolidated Litig. Concerning Int'l Harvester's Disposition of Wis. Steel*, 666 F.Supp. 1148, 1153 (N.D.Ill.1987). Simply put,

> [a] party cannot selectively divulge privileged information without impairing its attorney-client privilege as to the rest of that information concerning the same subject. The privilege exists in the first instance to encourage communications from a client to his attorney, and for that reason the confidence of such communications must be protected.... Once a party abandons this confidence by submitting privileged material in a discovery proceeding, the rationale of the privilege is dissipated, insofar as the subject matter of the privilege is concerned.

*B & J Mfg. Co. v. FMC Corp.*, 21 Fed.R. Serv.2d (Callaghan) 1119, 1119 (N.D.Ill. 1975) (Flaum, J.).

■ Here, it is not disputed that in the normal course of discovery, the Mona Kea defendants produced a complete and unredacted copy of the Minutes, a portion of which disclosed that

> [a]fter consultation with the Condominium attorney, Henry Stillwell, the officers of the Mona Kea South Professional Condominium Association determined that the practice of chiropractic was in violation of the Mona Kea South Condominium Declaration, and so advised Dr. Lim by letter.... Dr. Lim was also ad-

vised to cease and desist the utilization of his unit for the administration, consultation or performance of chiropractic services.

Minutes, at 1.

It is also not disputed that the Mona Kea defendants produced only a heavily redacted copy of the Memo pursuant to Chinnici's discovery request. Because the Mona Kea defendants voluntarily disclosed the advice of attorney Stillwell concerning the applicability of the condominium declaration to restrict the practice of chiropractic, they have waived the privilege as to all other communications on that subject. The redacted portions of the Memo at issue here, specifically the balance of paragraph one following "After discussion with our Condominium Attorney, Henry Stillwell," and the entire bulk of paragraph two are not protected by the attorney-client privilege because of the waiver inherent in disclosure of the Minutes. For that reason, we modify Magistrate Rosemond's December 13, 1990 Order and rule that the redacted portion of the May 3, 1985 Memo is not protected by the attorney-client privilege. We adopt the rest of Magistrate Rosemond's Order.[1]

■ The parties' cross-motions for sanctions are denied. Chinnici maintains that redaction of the "other suggestions" portion of the Memo on grounds of attorney-client privilege constitutes abuse of the discovery process because "[i]t is elementary that, in order to be cloaked with the attorney-client privilege, communications must be between a lawyer and client." Memorandum, at 8. The "other suggestions" part of the Memo invited comments from other Mona Kea condominium association members to Severino, the president of the condominium association—communication clearly not privileged. *See In re Sealed Case*, 676 F.2d 793, 808–09 (D.C.Cir. 1982) ("attorney-client privilege covers only confidential communications between attorney and client.... [C]ommunications that

---

1. We note that the issues unresolved by the Order have, following further briefing, now been resolved. *See* Minute Order, January 15, 1991 ("Mona Kea defendants' objections to the disclosure of Paragraphs 1 and 3 of the Informal Post–Meeting Discussion document are sustained.").

do not involve both attorney and client[ ] are unprotected"); *see also* 8A C. Wright & A. Miller, *Federal Practice and Procedure* § 2017, at 137–38 (1970).

Chinnici, however, may not claim both that this principle is elementary and that "[b]y the very nature of a redaction plaintiff could not have known of the totally unmerited claim of privilege." Reply Memorandum, at 1–2. The Memo at issue is a one-page document from Severino to "all condominium owners." In the middle of the page, Severino wrote: "Please indicate your wishes below and return to [association secretary] Yvonne Rish at your earliest convenience." A dotted line running horizontally across the page, indicating that members wishing to respond should detach the response form from the top portion of the letter, follows. Severino offers three of his own suggestions, each of which are preceded by a space in which members could place an appropriate mark. These suggestions were: (1) "Bring legal action against Dr. Lim"; (2) "Officially censure Dr. Lim"; and (3) "Amend Condominium Documents prohibiting sale or rental to Chiropractors or Naprapaths." Finally, the words "Other suggestions," followed by a colon, appear, with adequate space left for members to write in a suggestion perhaps different from those provided by Severino.

The Memo, in other words, is entirely self-explanatory, and there is no reason why Chinnici could not have discovered an inappropriate claim of privilege, especially given the "elementary" nature of the "abuse." Chinnici's proper recourse would have been to request a local Rule 12(k) discovery conference. This he apparently did not do. The 12(k) conference is designed to "curtail undue delay and expense" in discovery disputes; the parties are to sincerely attempt to settle their differences themselves, or explain why attempts to engage in self-directed settlement failed "due to no fault of counsel's." Such a conference would have been far more efficient than moving for sanctions at this relatively late date.

This is certainly not to suggest that the Mona Kea defendants are blameless. Indeed, it would appear that defendants' counsel ignored the law of privilege in redacting the "other suggestions" responses submitted by condominium association members. We do not believe that it should have taken further analysis and reconsideration—prompted in part, no doubt, by Chinnici's push to submit the documents to the court for an *in camera* review—to prompt defendants to "disclose the contents of comments made as 'other suggestions.' "

In sum, we modify Magistrate Rosemond's Order because of waiver of the attorney-client privilege, and we deny both motions for sanctions. It is so ordered.