VISKASE CORPORATION, Plaintiff,

v.

AMERICAN NATIONAL CAN COMPANY, Defendant.

No. 93 C 7651.

United States District Court,
N.D. Illinois,
Eastern Division.

June 13, 1995.

Roy E. Hofer, William H. Frankel, Robert W. Stevenson, Allan J. Sternstein, William, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, IL, for Viskase Corp.

Jeffrey D. Colman, Jenner & Block, Chicago, IL, Douglas W. Wyatt, Thomas A. O'Rourke, Wyatt, Gerber, Burke & Badie, New York City, for American National Can Co.

Harry J. Roper, Steven Raymond Trybus, Sarah Lynn Taylor, Roper & Quigg, Chicago, IL, for Dow Chemical Co.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

In this patent infringement suit involving heat shrinkable film, defendant American National Can Company ("ANC") has indicated that it will assert reliance on the advice of counsel as a defense to the claim of willful infringement. Accordingly, ANC has produced three written opinions from outside counsel that were written after suit was brought by plaintiff Viskase Corporation ("Viskase"). ANC has also produced parts of letters and memoranda that refer to the Viskase patents in suit, but it has redacted references to other patents owned by Viskase and third parties. ANC says the information as to the other patents is neither relevant to this suit nor has any communication respecting these patents been waived by it. I have reviewed the materials *in camera*. They are ordered disclosed.

■ There are two groups of materials. The first are two letters, one written by outside patent counsel to ANC listing various patents that counsel says should be discussed in connection with ANC's five layered shrink bag structure (the accused infringing product), and the second a letter from another attorney to outside counsel enclosing file histories on some of those patents. In each of these letters, ANC has redacted references to patents other than those in suit. Viskase counters that these letters are not privileged.

The letters were written in April, 1992, when ANC was making a decision as to whether to go ahead with production of the film alleged to infringe Viskase's patents. Viskase says other documents written in the same period show that ANC believed at least some of these patents would be infringed by its film. ANC denies this, but the documents submitted by Viskase do show concern at ANC. While ANC says the concern was about other patents, there is no way that Viskase can test this premise without knowing what patents were being considered by ANC at the time. Accordingly, the identification of the patents is relevant.

■ I also conclude that the patents cannot be protected by any attorney-client privilege. In the first place, if they are related to the subject matter of ANC's waiver of privilege, they would not be privileged. Since there does not appear to be any way to make that determination without disclosure, I would conclude they had to be produced. In addition, even if there were some way for me to determine that they were unrelated to the subject matter of ANC's waiver, ANC has failed to provide sufficient information for me to make that determination. The fact that they have different names is certainly insufficient, and that is all that ANC has provided. ANC bears the burden of proving that a communication is privileged. *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir.1983). Furthermore, the privilege is to be strictly and narrowly construed. *Id.* "When the privilege shelters important knowledge, accuracy declines." *Matter of Feldberg*, 862 F.2d 622, 627 (7th Cir.1988). Thus, the privilege protects only those disclosures from client to attorney "necessary to obtain informed legal advice which might not have been made absent the privilege." *Matter of Walsh*, 623 F.2d 489, 494 (7th Cir. 1980). Communications made by an attorney to his client are privileged only insofar as they reveal confidential information furnished by the client. *In re Air Crash Disaster at Sioux City, Iowa*, 133 F.R.D. 515, 518 (N.D.Ill.1990) (citing cases). ANC has not shown that the list of patents in the two letters referred to above meets these tests. Accordingly, they must be produced.

■ The remaining material consists of notes of two meetings at which outside patent counsel and various technical representatives of ANC met, along with in-house patent counsel. Again, ANC has produced the references in the notes that it says relate to the patents in suit, but it has redacted references to other patents and discussion that it says relates to other patents. My review of the unredacted documents indicates that the discussion of the Viskase patents in suit cannot be separated from the discussion of the remaining patents. In the first place, with respect to some of the redactions, there is nothing in the documents themselves that would conclusively show that the statements do not relate to the Viskase patents. Furthermore, one of the other patents referred

to in the discussions is used by ANC as part of its basis for saying that its film does not infringe Viskase's patents. Yet it is at least possible, according to my reading of these notes, that ANC's ability to avoid infringement of this patent is inconsistent with its ability to avoid infringement of the Viskase patents. That information would of course be relevant to ANC's good faith reliance on opinion of counsel. The notes reviewed by me indicate that the other patents discussed in the meeting also involve characteristics very closely related both to the patents in suit and ANC's film.

ANC's voluntary waiver of its attorney-client privilege extends to the subject matter of the patents in suit. Under the circumstances, the subject matter in question extends at least to discussions of patents that are so closely related in kind that a discussion of how to avoid infringement of the patents in suit also involved a discussion in avoiding infringement of these patents. ANC is ordered to produce unredacted copies of each of these documents.