FUJISAWA PHARMACEUTICAL CO., LTD and Fujisawa USA, Inc., Plaintiffs,

v.

John N. KAPOOR, Defendant.

No. 92 C 5508.

United States District Court, N.D. Illinois, Eastern Division.

July 7, 1995.

Chaim T. Kiffel, Robert J. Kopecky, Kirkland & Ellis, Chicago, IL, Jonathan Zavin, Kenneth I. Schacter, Ted Poretz, Richards & O'Neil, New York City, for plaintiffs.

George Carter Lombardi, Dan K. Webb, W. Gordon Dobie, Hurd Baruch, Michael Joseph Stepek, Hal B. Merck, Jennifer Jane Demmon, Winston & Strawn, Kathleen L. Leyden, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, James N.O. Czaban, Bass & Ullman, P.C., New York City, for defendant.

## *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Fujisawa Pharmaceutical Co., Ltd. ("Fujisawa") has sued John N. Kapoor ("Kapoor"), alleging that Mr. Kapoor defrauded it of millions of dollars in the sale of Lyphomed, Inc., which Mr. Kapoor sold to Fujisawa in 1989. Lyphomed manufactured generic versions of currently marketed drugs. Following the sale, the Food and Drug Administration ("FDA") determined that certain drug applications filed by the company when it was owned by Mr. Kapoor contained false and misleading information. The FDA imposed sanctions on Fujisawa, listing it under its Applications Integrity Policy ("AIP"). A company listed under the AIP cannot obtain approval for new drug applications, called Abbreviated New Drug Applications or ANDAs, which Fujisawa says is "disastrous" for generic drug manufacturers such as Fujisawa. In order to gain rehabilitation, and get off the FDA's AIP list, a company must do several things, including hiring an independent auditor to audit its ANDAs against underlying documentary data and take appropriate corrective action; identifying wrongdoers to the FDA; cooperating fully with the FDA; and complying with current "Good Manufacturing Practices." Prior to the time the FDA placed Fujisawa under the AIP, but after it had begun its investigation of Fujisawa ANDAs, Fujisawa hired Richard M. Cooper, an attorney with the law firm of Williams & Connolly in Washington, D.C., who was formerly Chief Counsel of the FDA, to help it satisfy the FDA's requirements for rehabilitation. Mr. Cooper, according to Fujisawa, gave it advice with respect to the ANDAs questioned by the FDA. Specifically, according to Fujisawa, Mr. Cooper, after reviewing the auditor's report, advised it to withdraw certain ANDAs and to defend others against the FDA's charges.

Fujisawa has stated that Mr. Cooper is a prospective trial witness. It agrees that it has therefore waived its attorney-client privilege with regard to Mr. Cooper's work on the ANDAs. Mr. Kapoor, however, says the limited disclosure agreed to by Fujisawa is inadequate. Magistrate Judge Ashman agreed with Mr. Kapoor, ordering Williams & Connolly to turn over a number of documents generated by Williams & Connolly having to do with Fujisawa's AIP compliance. Fujisawa appeals, arguing that Judge Ashman's order is clearly erroneous and contrary to law. See 28 U.S.C. § 636(b).

The first issue is whether Fujisawa timely objected to the subpoena served on Williams & Connolly pursuant to Rule 45, FED. R.CIV.P. Rule 45(c) requires objections to be raised, in writing, within 14 days. Mr. Cooper was served with the subpoena *duces tecum* on August 14, 1994. It responded by letter dated November 22, 1994. Fujisawa says it orally objected "within a few weeks," which ordinarily would be outside the limit allowed by the rule. The rule also requires objection in writing. There is authority, however, indicating that a party responding to a subpoena may not be bound by the 14-day limit if it withholds documents on a claim of privilege and produces a privilege log meeting the criteria set forth in Rule 45(d)(2) by the date on which compliance with the subpoena is required. *Ventre v. Datronic Rental Corporation*, 1995 WL 42345 *4 (N.D.Ill.1995); *Winchester Capital Management Co., Inc. v. Manufacturers Hanover Trust Co.*, 144 F.R.D. 170, 175–76 (D.Mass. 1992). Fujisawa says the parties had clearly agreed that Mr. Cooper's deposition would be put off until Fujisawa had time to evaluate the request and determine which documents

it would produce and those as to which it would assert the privilege. Mr. Kapoor has not disputed Fujisawa's statement regarding an agreement. Accordingly, I will proceed to the merits of the dispute.

▆▆▆▆ The parties agree that, by placing a matter in issue, it waives the attorney-client privilege as to "other communications on the specific matter to which the attorney testified." *Lorenz v. Valley Forge Insurance Co.,* 815 F.2d 1095, 1099 (7th Cir.1987). Voluntary disclosure of privileged information about a matter waives the privilege as to all information on the same subject matter. *E.g., Chinnici v. Central DuPage Hosp. Assn.,* 136 F.R.D. 464, 465 (N.D.Ill.1991). The parties in this case do not agree as to the scope of the subject matter covered by Fujisawa's waiver of privilege.

Mr. Kapoor argues that the waiver is broad.[1] Mr. Kapoor argues that Fujisawa has put into contention its reliance upon the advice of counsel to establish the reasonableness of its conduct under the AIP. Mr. Kapoor says "counsel" includes not just Mr. Cooper, but other attorneys at Williams & Connolly who worked on the matter. Mr. Kapoor also says Mr. Cooper's advice concerning the withdrawal of ANDAs cannot be separated from his advice concerning other conduct by Fujisawa under the AIP.

Fujisawa argues that the AIP contains discrete steps, and that Mr. Cooper will testify solely with respect to step 3, which requires the company to conduct an internal review of "instances of wrongful acts associated with applications submitted to FDA, including any discrepancies between manufacturing conditions identified in approved applications and manufacturing conditions during actual production." The review is to include an evaluation by an outside consultant. Fujisawa says this step is limited to the review of ANDAs, and that it will rely on the advice of counsel solely as to the ANDAs.

Whether the Federal regulations separate the withdrawal of ANDAs from other requirements for rehabilitation under the AIP does not determine the scope of the waiver in this case. If the subject matter of Mr. Cooper's testimony is limited to this decision, Fujisawa may be able to limit its waiver. Fujisawa says all documents involving any communications with the outside auditor and all documents relating to Mr. Cooper's advice to withdraw ANDAs have been produced. It says it has also produced, and claims no privilege, with respect to any decision to contest the withdrawal of ANDAs. It has not turned over three types of documents. The first are documents concerning employee interviews. Mr. Cooper apparently did not engage in interviews but he read summaries of at least some interviews by others. Some of the interviews took place before the decisions regarding ANDAs, and some later. Fujisawa says Mr. Cooper testified that the interviews played no part in his advice, but his testimony is more equivocal than that. Mr. Cooper testified only that determining whether applications should be withdrawn "was not a particular focus of these interviews." That does not support Fujisawa's contention that they played no part in his advice. Accordingly, Fujisawa has not met its burden of proving that these documents are protected by the attorney-client privilege. *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir.1983). Fujisawa is ordered to produce any material concerning interviews seen by Mr. Cooper prior to the conclusion of his advice with respect to the ANDAs.

The second area in which Fujisawa has withheld Williams & Connolly documents on the ground of privilege concerns manufacturing problems uncovered by Williams & Connolly or Fujisawa. The issue again is whether any of Mr. Cooper's advice was influenced by his knowledge of what had been found by Williams & Connolly. That again would appear to depend—since the privilege must be strictly construed[2]—on Mr. Cooper's knowl-

---

1. Its first argument is that since Fujisawa claims damages from the fact that the FDA put Fujisawa under the AIP, any investigation by Williams & Connolly, and any documents generated in that investigation, are discoverable. Clearly, that is incorrect since it would eliminate the attorney-

client privilege in virtually all litigation. The argument is frivolous.

2. *United States v. Lawless, supra,* 709 F.2d at 487 (1983). In addition, "the party seeking to invoke

edge during the time he was giving advice to withdraw or contest ANDAs. Documents produced after the time this advice ended, or not seen by Mr. Cooper, need not be produced.

The same is true of the third area identified by Fujisawa, referred to as "Good Manufacturing Processes." Fujisawa has not met its burden of proof of showing that Mr. Cooper was not influenced by anything he had read about Fujisawa's efforts in this regard in giving his advice. Thus, it must disclose any such documents.

■ Fujisawa argues that some of these documents are also protected by a work-product privilege. However, to the extent they have waived the attorney-client privilege, they have similarly waived any work-product privilege.

In conclusion, Magistrate Judge Ashman's order is affirmed in part, as set forth in this opinion.

the privilege has the burden of establishing all of

its essential elements." *Id.*