**NORTH SHORE GAS COMPANY,**
**Plaintiff/Counter–Defendant,**

v.

**ELGIN, JOLIET & EASTERN RAILWAY COMPANY, Defendant/Counter–Claimant.**

**No. 94 C 7536.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 27, 1995.

Robert L. Graham, Ellen L. Partridge, Gabrielle Sigel, Jenner & Block, Chicago, Illinois, for plaintiff.

Nicholas F. Esposito, Terence Michael Heuel, Mark A. Schramm, Daniel E. Panek, Esposito, Heuel & Schramm, Chicago, Illinois, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff North Shore Gas Company ("North Shore") moves to compel defendant Elgin Joliet and Eastern Railway ("Elgin") to produce certain documents for discovery. Elgin has refused, asserting that portions of the documents are protected from disclosure by the attorney-client privilege and/or the work-product doctrine, or are irrelevant. For the following reasons, the court grants North Shore's motion to compel.

The scope of discovery should be broad to aid the search for truth. *Ziemack v. Centel Corp.*, No. 92 C 3551, 1995 WL 314526, at *2, 1995 U.S.Dist. LEXIS 6942, at *6 (N.D.Ill. May 18, 1995) (citing *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991); *Radiant Burners, Inc. v. American Gas Ass'n*, 320 F.2d 314, 323 (7th Cir.1963)).

"Because the attorney-client privilege and work-product doctrine obscure the search for the truth, both should be confined to their narrowest possible limits to minimize the impact upon the discovery process." *Id.*

■ The attorney-client privilege is meant to protect from disclosure documents that reflect communications made in confidence by the client to his or her attorney. *Ziemack,* 1995 WL 314526, at *2, 1995 U.S.Dist. LEXIS 6942, at *11 (citing *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir.1983); *United States v. Weger,* 709 F.2d 1151, 1153 (7th Cir.1983)). Thus,

(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

*Ziemack,* 1995 WL 314526, at *3, 1995 U.S.Dist. LEXIS 6942, at *11–12 (citing *White,* 950 F.2d at 430; *Lawless,* 709 F.2d at 487; *Radiant Burners,* 320 F.2d at 319). Furthermore, communications made from the attorney to the client are privileged as well, but only to the extent that they reveal confidential information provided by the client. *Ziemack,* 1995 WL 314526, at *4, 1995 U.S.Dist. LEXIS 6942, at *12 (citing *In re Air Crash Disaster at Sioux City, Iowa,* 133 F.R.D. 515, 521 (N.D.Ill.1990)). For the privilege to apply, however, the attorney must be involved in a legal, rather than a business, capacity, and the confidential communications must be primarily legal in nature. *Ziemack,* 1995 WL 314526, at *4, 1995 U.S.Dist. LEXIS 6942, at *15 (citing *Sneider v. Kimberly–Clark Corp.,* 91 F.R.D. 1, 4 (N.D.Ill.1980)).

■ The work-product doctrine is distinct from and broader than the attorney-client privilege. *United States v. Nobles,* 422 U.S. 225, 238 n. 11, 95 S.Ct. 2160, 2170 n. 11, 45 L.Ed.2d 141 (1975). The work-product doctrine protects an attorney's notes, memoranda and mental impressions generated in anticipation of litigation. *Hickman v. Taylor,* 329 U.S. 495, 510–11, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947); Fed.R.Civ.P. 26(b)(3).

"The 'test' for work-product protection is '. . . whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared for or obtained because of the prospect of litigation.'" *Ziemack,* 1995 WL 314526, at *6, 1995 U.S.Dist. LEXIS 6942, at *20–21 (quoting *Binks Manufacturing Co. v. National Presto Indus. Inc.,* 709 F.2d 1109, 1119 (7th Cir. 1983)). Moreover, a document is considered work-product only if it is primarily concerned with legal assistance. *Ziemack,* 1995 WL 314526, at *6, 1995 U.S.Dist. LEXIS 6942, at *21 (citing *Loctite Corp. v. Fel–Pro, Inc.,* 667 F.2d 577, 582 (7th Cir.1981)).

■ Elgin has provided the court with unredacted copies of the documents of which North Shore seeks production. After examining each of these documents, and applying the foregoing rules to the documents, the court finds that none of the documents is protected from disclosure. Each of the documents is essentially a business communication among Elgin employees. No document was sent from Elgin's in-house counsel, and only a few were circulated to Elgin's in-house counsel; thus, most of the documents do not contain communications between Elgin and its attorneys. No document itself seeks or reflects legal advice from Elgin's attorneys, or contains communications relating to Elgin's seeking legal advice from its attorneys. No document was prepared in anticipation of litigation; and no document is concerned primarily with legal assistance. Moreover, each of the documents appears to be relevant, at least at this stage of the litigation. Therefore, Elgin must produce these documents to North Shore.

Accordingly, the court grants North Shore's motion to compel Elgin to produce unredacted copies of following documents and/or pages of documents: EJE002945–46; EJE003019, 3020 (top), 3022 (middle and bottom), 3023 (top), 3026 (bottom), 3027 (top), 3030 (first portion), 3032, and 3033 (top portion); EJE003060–64; EJE002985; EJE002986–87; EJE002991; EJE003072;

EJE003079; and EJE003137–38.[1]

1. North Shore has informed the court that the following redactions are no longer at issue in its motion: EJE003077–78; EJE003016, 3017, 3020 (bottom), 3021, 3022 (top), 3023 (bottom), 3025, 3026 (top), 3027 (bottom), 3028, 3029, 3030 (second portion), 3031, 3033 (second portion), and 3034. (*See* Reply in Supp. of Mot. to Compel at 1 n. 1.) Therefore, the court does not decide whether these documents and/or pages are privileged or relevant.