Raymond L. HUGLEY, Plaintiff,

v.

THE ART INSTITUTE OF CHICAGO,
et al., Defendants.

No. 96 C 7452.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 29, 1997.

Ronald Barry Schwartz, Hedberg, Tobin, Flaherty & Whalen, P.C., Chicago, IL, for Plaintiff.

Bruce R. Alper, Thomas Michael Wilde, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Defendants.

Allan R. Stasica, Asst. Atty. General, General Law Bureau, Chicago, IL, for IDHR (a Non–Party).

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is The Illinois Department of Human Rights' ("IDHR") Non–Party's Motion to Quash Plaintiff's Subpoena. For the reasons that follow, the court grants in part and denies in part the IDHR's motion to quash.

## I. BACKGROUND

Plaintiff Raymond L. Hugley ("Hugley") filed suit against defendants The Art Institute of Chicago, Richard Hall, and Marion Ellis, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, race bias in violation of section 1981 of the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, and defamation in violation of Illinois common law. This court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and § 1367.

Before filing suit in federal court, Hugley filed a charge of discrimination with the IDHR. The IDHR investigated the charge.

During the discovery process related to Hugley's suit filed in this court, Hugley had the IDHR served with a subpoena, demanding production of the investigative file and all other documents relating to Hugley's charge. In response to Hugley's subpoena, the IDHR produced some of the requested documents and withheld others. The IDHR then filed with the court a Non–Party's Motion to Quash Plaintiff's Subpoena. In its motion, the IDHR asserts that the withheld documents are protected from discovery by the privilege afforded records of the IDHR under section 926.210 of the Illinois Administrative Code ("section 926.210"), ILL. ADMIN. CODE tit. 2, § 926.210 (West 1997), the attorney-client privilege, and the work-product doctrine.

In support of its motion to quash, the IDHR has submitted for an *in camera* review the sixteen withheld documents along with a privilege log which identifies the documents and specifies the privileges asserted as to the particular document. The IDHR, however, did not number each of the documents. For the purposes of the court's order, the documents are numbered as follows: Document number 1 is the one undated copy of the charge referenced in I.b.1 of the IDHR's privilege log. Document number 2 is the three pages of notes referenced in I.b.2. Document number 3 is the two pages of notes referenced in II.b. Documents number 4, 5, and 6 are the three pages of memoranda referenced in III.b. Document number 7 is the one page of notes referenced in IV.b. Document number 8 is the two-page investi-gator plan referenced in V.b. Document number 9 is the one page document referenced in VI.b. Document number 10 is the one page document referenced in VII.b. Documents number 11, 12 and 13 are the checklists referenced in VIII.b. Document number 14 is the Complainant Information Sheet referenced in IX.b.1. Document number 15 is the one-page draft referenced in IX.b.2. Document number 16 is the eleven-page draft referenced in X.b.

## II. DISCUSSION

### A. Section 926.210

The IDHR first argues that the withheld documents are protected from discovery by the privilege afforded records of the IDHR under section 926.210 of the Illinois Administrative Code ("section 926.210"). ILL. ADMIN. CODE tit. 2, § 926.210 (West 1997). Section 926.210 provides, in pertinent part:

> The contents of any files maintained by the Department pertaining to charges, including but not limited to all documents, statements, notes, memoranda, correspondence, exhibits and any reports or summaries prepared by or on the behalf of the Department, as well as the identities of any parties or witnesses in such matters, shall be confidential and not subject to public disclosure, except that: (a) the parties to any charge may inspect any such file upon making arrangements with the Department, at any time subsequent to the Department's written notification of Substantial Evidence, or dismissal or administrative closure of the charge; or after filing a complaint, a petition for entry of a default order, or settlement agreement with the Human Rights Commission. However, the Department shall not allow parties to inspect certain materials which include, but are not limited to: (1) internal memoranda; (2) work papers, or notes or other materials reflecting the deliberative processes, mental impressions, or legal theories and advice of the Department. . . .

§ 926.210(a)(1)–(2).

There are two issues embedded in the IDHR's argument that the withheld documents are protected by section 926.210. The first issue is whether the court should recog-

nize the privilege afforded under section 926.210.[1] The second issue is whether the privilege actually protects the documents in question.

■■■ The first issue is whether the court should recognize the privilege afforded under section 926.210. The principal claims in this case arise under Title VII of the Civil Rights Act of 1964 and section 1981 of the Civil Rights of 1866 as amended by the Civil Rights Act of 1991, both of which are federal laws. In a case such as this, where federal law supplies the rule of decision, the court is not required to recognize the state-law privilege asserted. *Memorial Hosp. for McHenry County v. Shadur,* 664 F.2d 1058, 1061 (7th Cir.1981); *Tutman v. WBBM–TV/CBS Inc.,* No. 96 C 4424, 1997 WL 548556, at *2 (N.D.Ill. Sept.3, 1997). Rather, the question of whether the court should recognize the privilege asserted is "governed by the principles of common law as they may be interpreted by the courts of the United States in the light of reason and experience." FED. R.EVID. 501; *Memorial Hosp.,* 664 F.2d at 1061.

■■■ In determining whether the asserted privilege should be recognized, the court must remember that a " 'strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy.' " *Memorial Hosp.,* 664 F.2d at 1061 (citing *United States v. King,* 73 F.R.D. 103, 105 (E.D.N.Y.1976)). The Seventh Circuit has emphasized that the court must consider certain principles when making the determination of whether an asserted privilege should be recognized under Federal Rule of Evidence 501. These are:

First, because evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized, must be narrowly construed. Second, in deciding whether the privilege asserted should be recognized, it is important to take into account the particular factual circumstances of the case in which the issue arises. The court should "weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case."

*Memorial Hosp.,* 664 F.2d at 1061–62 (citations omitted).

Applying the above principles to the facts of this case, the court determines that the privilege afforded under section 926.210 should be recognized to the extent that it will not unduly compromise the federal interest in full disclosure of relevant evidence. The need for full disclosure of relevant evidence is always a substantial interest. *Memorial Hosp.,* 664 F.2d at 1062. However, there is a strong interest in affording the IDHR's staff the liberty to communicate openly and freely about cases and their potential disposition. *In re Request for Review by Ricky Cooper,* 1997 WL 575420, at *1 (Ill. Human Rights Comm'n Aug. 1, 1997). In addition, in order to encourage a full factual investigation of the case, the IDHR's staff should be free to record their "deliberative processes, mental impressions, or legal advice or theories" without fear that those notes will be freely discoverable. In this case, the court can recognize the privilege while still furthering the interest in full disclosure by strictly confining the application of the privilege to those documents or portions thereof that qualify either as "internal memoranda" or material which reflects "the deliberative processes, mental impressions, or legal theories and advice" of the IDHR. Thus, the principle of comity impels this court to recognize this limited state-law privilege in this case.

Hugley argues that the court should not recognize the privilege afforded under § 926.210 because "the doctrine of comity does not apply here." (Plaintiff's Answer Brief to Illinois Department of Human Rights' Motion to Quash Plaintiff's Subpoena (hereinafter "Pl.'s Ans.") at 3.) Hugley argues that the doctrine of comity does not

1. Hugley does not argue that section 926.210(a) does not create an evidentiary "privilege" within the meaning of the laws of evidence. Rather, Hugley simply argues that the court should not recognize the privilege afforded under section 926.210 in this case. The court's opinion, therefore, limits itself to that issue.

apply because the Illinois Human Rights Commission recently refused to apply section 926.210 in *Cooper v. Illinois Department of Human Rights*, 1997 WL 575420, at *1.

Hugley's argument is unpersuasive. In *Cooper*, the complainant wanted to review nonverbatim witness statements which were written down by the IDHR investigator. *Id.* at *5. The IDHR argued that the statements were privileged and, thus, protected from discovery under section 926.210. The Illinois Human Rights Commission found section 926.210 inapplicable because the handwritten, nonverbatim witness statements did not constitute mental impressions which were protected by section 926.210(a)(2); rather, the statements consisted only of the witnesses' testimony. *Id.* The Commission stated that if the investigator had written down more than what the witness has said, that portion may be redacted. The Commission also stated that it recognized the importance of "having staff characterizations protected by the privilege" and providing the IDHR staff "liberty to communicate with each other about cases and their potential disposition." *Id.*

Thus, *Cooper* does not stand for the proposition that the Illinois Human Rights Commission would never recognize the privilege afforded under section 926.210. The Commission simply found the privilege inapplicable to the documents at issue in that case.

Having determined that the court will recognize and strictly construe the privilege afforded under section 926.210, the court must now determine whether the withheld documents are protected by section 926.210.

■ In the present case, the court finds that section 926.210 protects (1) documents number 4, 5, and 6 because these documents are memoranda between the IDHR staff; (2) document number 8 because this document reveals the investigative plan of the IDHR; (3) document number 9 because this document reflects the legal advice of the IDHR; and (4) page 9 of document number 16 because the information on that page reflects the deliberative processes of the IDHR. Thus, the court grants the IDHR's motion to quash as to documents number 4, 5, 6, 8 and 9 and page 9 of document number 16.

■ The court finds that section 926.210 does not protect documents 1, 2, 3, 14, and pages 1–8 and 10–11 of document 16 because the information contained therein is simply the investigator's notes of what other individuals told the investigator. The information in those documents does not reflect the "deliberative processes, mental impressions, or legal theories and advice of the Department" as contemplated by section 926.210(a)(2). *See Cooper*, 1997 WL 575420, at *5. Further, these documents are not "internal memoranda" as contemplated by section 926.210(a)(1).

■ The court also finds that section 926.210 does not protect documents number 7, 10, 11, 12, 13, and 15. These documents are simply documents generated during the investigatory process which do not contain the "deliberative processes, mental impressions, or legal theories and advice of the Department" as contemplated by section 926.210(a)(2). Further, these documents are not "internal memoranda" as contemplated by section 926.210(a)(1).

Thus, the court finds that section 926.210 protects documents number 4, 5, 6, 8 and 9 and page 9 of document number 16 and grants the motion to quash as to those items. Section 926.210 does not, however, protect documents number 1, 2, 3, 7, 10, 11, 12, 13, 14, 15 and pages 1–8 and 10–11 of document number 16. Thus, the court must determine whether those documents are protected from discovery by either the attorney-client privilege or the work-product doctrine.

### B. *Attorney-client privilege*

■ The IDHR asserts that documents number 1, 2, 3, 7, 10, 11, 12, 13, 14, 15, and 16 are protected by the attorney-client privilege. The court disagrees.

■ In this federal question case, the issue of whether these documents are protected by the attorney-client privilege is governed by federal, not state, law. FED.R.EVID. 501. The Seventh Circuit has adopted the elements of the attorney-client privilege as stated by Dean Wigmore in his treatise *Evidence at Trials in Common Law:*

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in

1128

confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. *United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir.1997) (citations omitted). The attorney-client privilege protects confidential communications between an attorney and his client made for the purpose of obtaining legal advice. *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir.1983). However, because the privilege presents an impediment to the truth, courts strictly confine the application of the privilege to its narrowest limits. *E.g., Evans,* 113 F.3d at 1461 (citations omitted). The party asserting the privilege has the burden of proving each of the essential elements. *Id.* Further, a party cannot simply make a blanket claim of privilege; rather, the party must claim and establish the attorney-client privilege on a document-by-document basis. *E.g., In re Air Crash Near Roselawn, Ind. on Oct. 31, 1994,* No. 95 C 4593, 1997 WL 97096, at *2 (N.D.Ill. Feb.20, 1997).

In the present case, the IDHR has failed to meet its burden in proving that the attorney-client privilege protects any of the documents at issue. First, the IDHR has simply listed "attorney-client" as one of the privileges asserted as to the withheld documents and has not attempted to establish each of the requisite elements of the attorney-client privilege. Second, the documents at issue were prepared by either an IDHR investigator or staff member. There is no indication that either IDHR investigators or members of the IDHR's staff are attorneys, *See Cooper,* 1997 WL 575420, at *5 ("The Department investigator is not an attorney.") Further, the only information contained in the documents at issue that could qualify as a "communication" was supplied by either Hugley, The Art Institute, or another witness, none of whom are the IDHR's clients. *See id.* Thus, there is no attorney-client relationship established. Accordingly, the court finds that the IDHR has failed to establish that the attorney-client privilege pro-

tects documents number 1, 2, 3, 7, 10, 11, 12, 13, 14, 15 and 16.

### C. *Work-product doctrine*

 The IDHR next argues that the documents at issue are protected from discovery by the work-product doctrine. The work-product doctrine is a federal doctrine that derives from the landmark case of *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and that has been partially codified into Federal Rule of Civil Procedure 26(b)(3). *A.O. Smith Corp. v. Lewis, Overbeck & Furman,* No. 90 C 5160, 1991 WL 192200, at *1 (N.D.Ill. Sept.23, 1991).[2] The work-product doctrine provides protection to documents prepared by or for an attorney "in anticipation of litigation or for trial." FED.R.CIV.P. 26(b)(3).

 The threshold determination of whether a document qualifies as work product is whether the document was prepared in anticipation of litigation. *Dawson,* 901 F.Supp. at 1368. In order for a document to have been "prepared in anticipation of litigation," the "primary motivating purpose behind the creation of the document or investigative report must be to aid in possible litigation." *Id.* (citing *Binks Mfg. Co. v. National Presto Indus.,* 709 F.2d 1109, 1119 (7th Cir.1983)). The party asserting the work-product protection "has the burden of offering a specific explanation of why the item is privileged from discovery." *Vardon Golf Co. v. BBMG Golf Ltd.,* 156 F.R.D. 641, 646 (N.D.Ill.1994).

In the present case, the IDHR has failed to establish that documents number 1, 2, 3, 7, 10, 11, 12, 13, 14, 15 and 16 are protected pursuant to the work-product doctrine. The IDHR did not attempt to establish that the primary motivating purpose for creating these documents was to aid in possible future litigation. This is probably because the IDHR could not make such a showing. The documents at issue were created either by an IDHR investigator or staff member. These

2. The IDHR cites Illinois Supreme Court Rule 201(b)(2), which provides Illinois' version of the work-product protection, in support of its argument that the documents are protected by the work-product doctrine. However, work-product issues in this federal question case are governed by federal, not state, law. *E.g., Dawson v. New York Life Ins. Co.,* 901 F.Supp. 1362, 1367 (N.D.Ill.1995).

individuals are neither attorneys nor agents of the IDHR attorneys; rather, these individuals are neutral parties whose primary responsibility is to collect the facts. *Cooper*, 1997 WL 575420, at *4. The investigator gathers all of the facts at the investigation stage in order to make a determination of whether substantial evidence exists to support the charge. *Id.* Thus, the reality is that the IDHR investigator and staff members prepared the documents at issue for the purposes of collecting the facts and determining whether substantial evidence exists to support the charge. *Id.* Thus, the IDHR has failed to meet its burden of establishing that the documents at issue were prepared in anticipation of litigation. Accordingly, the court finds that documents number 1, 2, 3, 7, 10, 11, 12, 13, 14, 15 and 16 are not protected from discovery under the work-product doctrine.

### III. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part The Illinois Department of Human Rights' Non–Party's Motion to Quash Plaintiff's Subpoena. Specifically, the court orders that:

1. Documents number 4, 5, 6, 8 and 9 and page 9 of document number 16 are protected from discovery pursuant to ILL. ADMIN. CODE. tit. 2, § 926.210 (West 1997) and the motion to quash with respect to those items is granted.

2. Documents number 1, 2, 3, 7, 10, 11, 12, 13, 14, and 15 and pages 1–8 and 10–11 of document number 16 are not protected by ILL. ADMIN. CODE. tit. 2, § 926.210, the attorney-client privilege, or the work-product doctrine. Therefore, the motion to quash as to those particular items is denied.

3. The Illinois Department of Human Rights is ordered to produce documents number 1, 2, 3, 7, 10, 11, 12, 13, 14, and 15 and pages 1–8 and 10–11 of document number 16 to plaintiff Raymond L. Hugley.

4. As agreed to by plaintiff, the documents produced pursuant to this order are sub-

ject to the protective order which was entered on June 10, 1997.